IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN RICE,                  : | |
|     Plaintiff,         : | |
|                              : | |
| v.                           : | CIVIL ACTION NO. 24-CV-5798 |
|                              : | |
| WESTROCK CP LLC              : | |
|     Defendant.         : | |

**MEMORANDUM**

**HODGE, J.**                                                                                                 **JANUARY 15, 2025**

Kevin Rice filed a *pro se* Complaint asserting claims against Westrock CP LLC ("Westrock") after sustaining injuries when a tractor trailer he was driving flipped, allegedly due to improper loading by Westrock. Rice seeks money damages. He also seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Rice *in forma pauperis* status. However, the Court does dismiss his Complaint without prejudice for lack of subject matter jurisdiction. The Court will permit Rice to file an amended complaint if he can allege facts to establish this Court's subject matter jurisdiction.

**I.      FACTUAL ALLEGATIONS**[1]

Rice alleges that in the early morning of January 13, 2022, he was operating a "loaded 18-wheeler dry van tractor trailer" on Interstate 70 in Cincinnati, Ohio. (ECF No. 2 at 4.) After switching lanes, "out of nowhere" Rice felt a "burst of inertia driving [him] towards the guard

---

[1] The factual allegations set forth in this Memorandum are taken from Rice's Complaint (ECF No. 2). The Complaint consists of the Court's form available to unrepresented litigants to file claims and eleven (11) pages of exhibits. The Court deems the entire submission to constitute the Complaint and adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors have been corrected.

rails." (*Id*.) Rice then felt the trailer "flip," and thought he was dead. (*Id*.) Rice suffered significant injuries from the accident. (*Id*. at 5.) He alleges that the accident occurred because his "trailer was loaded incorrectly" by a paper mill company located in North Carolina—presumably Westrock, but not specifically stated—that had a contract with his employer, Western Express. (*Id*. at 4.) Rice seeks money damages. (*Id*. at 5.)

On the form Complaint, Rice checked the box for "Diversity of Citizenship" when asked to indicate the basis for federal court jurisdiction. (*Id*. at 3.) He states that he is a citizen of Pennsylvania and lists a Philadelphia, Pennsylvania address for himself. (*Id*. at 2, 4.) He does not allege the state of citizenship of Westrock, but includes a Memphis, Tennessee address for the Defendant. (*Id*. at 3.) The Bill of Lading that Rice attaches to his Complaint includes a West Point, Virginia address for Westrock. (*Id*. at 7.)

## II.     STANDARD OF REVIEW

The Court grants Rice leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Having accepted the filing based on Rice's IFP status, the Court now looks at the substance of the Complaint to make preliminary determinations. 28 U.S.C. §1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. The Court must also review the pleadings and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff

commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). As Rice is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III. DISCUSSION

The Court understands Rice to assert state law tort claims against Westrock. Rice invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which the amount in controversy exceeds $75,000 and the parties are of different States. Rice does not invoke federal question jurisdiction. Nor can the Court infer any plausible federal claim from the facts alleged.

For purposes of asserting diversity jurisdiction under § 1332, complete diversity is required, meaning that "every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). An individual is a citizen of the state where they are domiciled, meaning the state where they are physically present and intend to remain. *See Washington v. Hovensa*, LLC, 652 F.3d 340, 344 (3d Cir. 2011). The citizenship of partnerships and other unincorporated associations including an LLC such as Westrock is determined by the citizenship of its partners or members. *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420 ("[T]he citizenship of an LLC is determined by the citizenship of its members. And as with partnerships, where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC.") (internal quotation marks omitted). As stated above, it is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*,

461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Rice states in his Complaint that he is a citizen of Pennsylvania, but he does not provide the citizenship of Westrock. He alleges that Westrock has a Tennessee address, but also includes an exhibit that provides a Virginia address for the company. Rice also alleges in his Complaint that the unnamed paper mill company responsible for loading the trailer is located in North Carolina. Because Rice provides only an address for Westrock, a limited liability company—and not any states of citizenship of its members—he has not met his burden in alleging that the parties are diverse for purposes of establishing the Court's jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court, having granted Rice leave to proceed *in forma pauperis*, is not satisfied that diversity jurisdiction has been met. Thus, the Court's will dismiss his Complaint without prejudice for lack of subject matter jurisdiction. Rice may file an amended complaint if he can establish this Court's subject matter jurisdiction which would require the showing of the citizenship of the members of Westrock. An appropriate Order follows.

                                                            **BY THE COURT:**

                                                            /s/ Hon. Kelley B. Hodge
                                                            **KELLEY BRISBON HODGE, J.**